UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGIE HALL & MATTHEW HALL,

                Plaintiffs.                Case No.: 1:12-cv-153

v.                                                HON. PAUL L. MALONEY

KATRICE SWEET, KATHLEEN SINNAMON, JIM GALE,
MAURA D. CORRIGAN, ISMAEL AHMED,
CHANDRA BETTS, & JANE DOE, all in their
individual and official capacities,

                Defendants.

| LISA C. WARD(P38933) | JOHN FEDYNSKY(P65232) |
|---|---|
| *Attorney for Plaintiffs* | LISA C. GEMINICK(P60964) |
| Law Offices of Lisa C. Ward, PLLC | *Attorneys for Defendants* |
| 4131 Okemos Rd. | Assistant Attorneys General |
| Suite 12 | PO Box 30736 |
| Okemos, Michigan 48864 | Lansing, Michigan 48909 |
| Tel. (517) 347-8100 | Tel. (517) 373-6434 |

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for August 22, 2017, before the Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

    Lisa C. Ward, Attorney for Plaintiffs

    Lisa C. Geminick, Attorney for Defendants

(1) <u>Jurisdiction</u>: The basis for the Court's jurisdiction is as follows:

(i) This court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), (a)(4). Jurisdiction for declaratory relief sought is also premised on 28 U.S.C. §§ 2201 and 2202.

(ii) Based upon the information available at this time, there are no objections to jurisdiction.

(2) <u>Jury or Non-Jury</u>:

(i) This case is to be tried before a jury.

(3) <u>Judicial Availability</u>:

(i) The parties do not agree to have a United Sates Magistrate Judge conduct any and all further proceedings in the case, including trial, or to order the entry of final judgment.

(4) <u>Statement of the Case</u>:

(i) Plaintiff:

On February 21, 2012, Plaintiffs Angie Hall and Matthew Hall filed their original Complaint against Defendants Katrice Sweet, Kathleen Sinnamon, Jim Gale, Maura D. Corrigan, and Ismael Ahmed. Filing a lawsuit constitutes protected activity under the First Amendment. Plaintiffs allege that Defendants Chandra Betts and Jane Doe violated her first amendment rights by retaliating against her following Plaintiffs' filing of a lawsuit.

On September 6, 2013, Ms. Hall was approached by a police officer while she was nursing her infant daughter. The officer asked whose child she was holding and asked to see Ms. Hall's identification. On September 12, 2013, Defendants Betts and Doe received an anonymous tip that Ms. Hall was working at Ashley Morrill's licensed daycare. Without substantiating this claim, Defendants Betts and Doe went to Ms. Morrill's licensed daycare and searched the entire home. Defendants also spoke with Ms. Hall's employer and incorrectly told the employer that Ms. Hall had a criminal record and was "in a lot of trouble." Defendants also knocked on the doors of all of Ms. Hall's neighbors to ask whether they were "hiding children" at Ms. Hall's directive. Ms. Hall alleges that these actions were taken because of her litigation against BCAL officers and supervisors.

> As a result of the Defendants' actions, Ms. Hall lost her employment. She also suffered significant embarrassment, emotional distress, and damage to her reputation.

(ii) Defendant Chandra Betts:

> Plaintiff Angie Hall's claim of First Amendment retaliation is barred by the statute of limitations.  As to the merits of Hall's claim, while the fact that Hall had filed a lawsuit against other officials of the Bureau of Child and Adult Licensing was an element of Hall's prima facie case, it is insufficient to overcome qualified immunity.  In the Sixth Circuit, a defendant can avoid liability on a First Amendment retaliation claim by showing that she would have taken the action (labeled as adverse by a plaintiff) even absent the protected conduct.  *Meadows v. Enyeart*, 627 F. App'x 496, 504 (6th Cir. 2015), cert. denied, 137 S. Ct. 104 (2016) (citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006) ("action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway.")).  In this case, Defendant Betts was responding to a complaint from the community that Hall was illegally providing child care at her sister's child care facility in violation of a circuit court order enjoining Hall from providing care.  Betts was under a duty to investigate the complaint.  Therefore, it was objectively reasonable for her to conduct the investigation, and qualified immunity precludes liability.

(5) Joinder of Parties and Amendment of Pleadings:

- (i) The parties do not anticipate any motions for joinder of parties.
- (ii) The parties agree that any motions to amend pleadings will be filed by September 30, 2017.

(6) Disclosures and Exchanges:

- (i) Fed. R. Civ. P. 26(a)(1):
    - (a) The parties agree that the Rule 26(a)(1) disclosures will be due 90 days from the date of the Rule 16 conference.
- (ii) Fed. R. Civ. P. 26(a)(2):
    - (a) The parties agree that all Plaintiffs' expert witnesses will be named within 90 days of the Rule 16 conference.

      (b) The parties agree that all Defendants' expert witnesses will be named within 30 days of Plaintiff's list.

      (c) The parties agree that all Plaintiffs' expert witness reports will be due 120 days before trial.

      (d) The parties agree that all Defendants' expert witness reports will be due 90 days before trial.

  (iii) Fed. R. Civ. P. 26(a)(3):

      (a) The parties agree that the Rule 26(a)(3) lay witness disclosures will be due 60 days before trial with no changes to the deadlines that are found in the rule.

  (iv) The parties have agreed to make available the following documents without the need of a formal request for production:

      (a) None

(7) <u>Discovery</u>: The parties believe that all discovery proceedings can be completed 12 months after the Rule 16 conference. The parties recommend the following discovery plan:

  (i) The parties would propose that all discovery limitations and deadlines remain the same as those listed in the Federal Rules of Civil Procedure, except:

      (a) The parties will agree to 10 depositions per side.

      (b) The parties will agree that each side will be allowed 25 single part question interrogatories.

      (c) The parties will agree that each deposition should be kept to one day, and consist of no more than 7 hours.

  (ii) All changes to the timing and form of Rule 26(a) disclosures are discussed in Section 6 of this JSR.

  (iii) The parties agree that discovery in phases will not be necessary.

  (iv) The parties discussed that emails will likely be a part of the discovery requests. The discovery of e-mail is not expected to be voluminous or burdensome beyond an amount that would be considered normal for an employment discrimination case. The parties do not anticipate any unique or unusual issues with electronic discovery at this time.

(v) The parties do not anticipate issues of privilege at this time. The parties agree to defer to the Federal Rules of Civil Procedure and Local Rules for the procedure of how to deal with any privilege issues that arise;

(vi) The parties will defer to the Federal Rules of Civil Procedure as to limitations on discovery.

(vii) The parties do not anticipate the need for any other orders under Rule 26(c).

(8) <u>Motions</u>:

(i) The parties anticipate that all dispositive motions will be filed within 30 days after the close of discovery. Any responses to dispositive motions will be filed within 28 days of the opponent's motion.The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(9) <u>Alternative Dispute Resolution</u>:

(i) Plaintiffs recommend that this case be submitted to voluntary facilitative mediation after the court's ruling on dispositive motions.

(ii) Defendants do not recommend that this case be submitted to voluntary facilitative mediation after the court's ruling on dispositive motions.

(10) <u>Length of Trial</u>:

(i) Counsel estimate the trial will last approximately 10 days, total, allocated as follows:

(a) 5 days for plaintiffs' case, 5 days for defendant's case.

(11) <u>Prospects of Settlement</u>: The status of settlement negotiations is:

(i) At this juncture, the parties have not engaged in settlement negotiations. Plaintiff is open to settlement negotiations.

(12) <u>Electronic Document Filing System</u>:

    (i) Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro Se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

Dated: August 15, 2017

| | |
|---|---|
| **/s/Lisa C. Ward** | **/s/ w permission - Lisa C. Geminick** |
| Lisa C. Ward (P38933) | Lisa C. Geminick (P60964) |
| Attorney for Plaintiffs | Attorney for Defendants |
| Law Office of Lisa C. Ward, PLLC | Michigan Dep't of Attorney General |
| 4131 Okemos Rd, Ste 12 | P.O Box 30736 |
| Okemos, Michigan 48864 | Lansing, MI 48909 |
| (517) 347-8100 | (517) 373-6434 |